No. 22-559 – *State ex rel. L.D. v. Cohee*

Chief Justice Hutchison, concurring:

"For a century-and-a-half, the courts of this State have been guided by the fundamental rule that, when addressing custody issues involving children, the best interests of the child trump all other considerations. It is the polar star that steers all discretion." *Brooke B. v. Ray*, 230 W. Va. 355, 361-62, 738 S.E.2d 21, 27-28 (2013) (footnote citing "polar star" cases omitted). As this Court said in 1925, "we must not lose sight of the rule that obtains in most jurisdictions at the present day, that the welfare of the child is to be regarded more than the technical legal rights of the parent." *Connor v. Harris*, 100 W.Va. 313, 317, 130 S.E. 281, 283 (1925).

I concur with the majority's decision: the evidence establishes that the circuit court was bound under the law to return the child, L.D., to the custody of her parents. The child had been in DHHR's custody for fourteen months, the parents had successfully completed their improvement period, and all of the parties agreed the child should be returned. On this record, the circuit court should have been guided by the interests of the child and promptly given her stability and continuity by returning her to her parents.[1]

---

[1] The same guiding principle applies to the lawyers in this case: they had a duty to expeditiously seek what was best for the child. By pursuing extraordinary relief from this Court, rather than seeking a prompt ruling from the circuit court, I perceive that they delayed rather than expedited her best interests.

1

I write separately to bring the Legislature's attention to a legal conundrum that was raised by the parties in their briefs. The parties discussed the ambiguous meaning of "foster care" in West Virginia Code § 49-4-605(a)(1) (2018). That provision contains a fifteen-month guideline that requires DHHR to take action, and thereby prompt some resolution to an abuse and neglect action, if a child has been placed in "foster care" for at least fifteen months. The statute says that DHHR

> shall file or join in a petition or otherwise seek a ruling in any pending proceeding to terminate parental rights:
>
> (1) If a child has been in *foster care* for 15 of the most recent 22 months as determined by the earlier of the date of the first judicial finding that the child is subjected to abuse or neglect or the date which is 60 days after the child is removed from the home[.]

(emphasis added.)[2] *See* Syl. pts. 4 and 5, *In re C.S.*, ___ W. Va. ___, 875 S.E.2d 350 (2022) (finding that while W. Va. Code § 49-4-605(a)(1) requires DHHR action, DHHR must still prove, and the circuit court must still find, evidence of abuse or neglect). The majority correctly found the statute does not apply to this case because the action had only been pending for fourteen months when DHHR sought to return the child to the parents' custody.

---

[2] This statute works in conjunction with West Virginia Code § 49-4-610(9) (2015), which provides (with emphasis added) that

> no combination of any improvement periods or extensions thereto may cause a child to be in *foster care* more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits[.]

Still, the Legislature has not defined "foster care" in Chapter 49 and, in the context of this case, the term appears ambiguous. After discussing the law with my colleagues, we have identified two competing but equally plausible interpretations of "foster care."

On the one hand, the interpretation offered by the parties is to say that "kinship" or relative placement is not "foster care" under West Virginia Code § 49-4-605(a)(1). In this case, DHHR placed the child with a relative (a cousin of the father's) after taking her from her parents' custody. The parties assert that because DHHR had placed the child in "kinship" care with a relative, and not with a stranger, the child was not in "foster care" and DHHR was not bound by the fifteen-month rule in West Virginia Code § 49-4-605(a)(1).

Justice Walker recently discussed this interpretation in her concurrence to *In re H.W.*, ___ W. Va. ___, ___, 875 S.E.2d 247, 260 (2022) (Walker, J., concurring, with whom Wooton J. joined). Justice Walker agreed that "foster care" is not defined, but noted that since at least 2015, "foster family home" had been defined as "a private residence which is used for the care on a residential basis of not more than six children *who are unrelated by blood, marriage, or adoption to any adult member of the household*." W. Va. Code 49-1-206 (emphasis added). She also pointed out that a "foster parent" is defined as nothing more than a person certified by DHHR "to provide foster care." However, the abuse and neglect statutes define a "kinship parent" as a person chosen "to provide kinship placement," that is, "the placement of the child with a relative of the child . . . or a

3

placement of a child with a fictive kin[.]" ___ W. Va. at ___, 875 S.E.2d at 262 (quoting W. Va. Code § 49-1-206). Justice Walker concluded that if one construes the various statutes pertaining to kinship and foster placement together, it appears that the Legislature intended for a relative, kinship placement to be distinct from a foster placement with non-relatives. Taken together, the term "foster care" in West Virginia Code § 49-4-605(a)(1) could be narrowly interpreted to encompass only placement of a child with non-relatives. Hence, if DHHR gives a child a kinship placement with a relative, then the assertion can be made that DHHR and the courts are not bound by the fifteen-month rule; the child can be left in the kinship placement indefinitely. That is the position taken by the petitioner in this action.

On the other hand, while the foregoing interpretation is inherently logical, it is contrary to the polar-star principle of every abuse and neglect action: expeditiously finding what is in the best interests of the child. This polar star applies also in the interpretation of the abuse and neglect statutes. It is axiomatic that children are not served by becoming long-term wards of the State, and often suffer from long-term separation from their parents. Whether children are being placed with non-relative caregivers or their kin, they need continuity and stability in their relationships. Generally, stability means either returning them to their parents (if the conditions of abuse or neglect have been remedied) or seeking permanent placement or adoption by others. Eviscerating the fifteen-month limitation for DHHR when a child is in a temporary kinship placement creates conditions for abuse and neglect cases to linger indefinitely.

4

By interpreting the term "foster care" in West Virginia Code § 49-4-605(a)(1) to encompass placements with both non-relative foster parents and kinship parents, DHHR and the circuit courts will be impelled to bring closure to abuse and neglect actions within the fifteen-month guideline imposed by the Legislature. By adopting the alternative and excluding kinship placements from the fifteen-month requirement, a court would be giving DHHR a blank check to put relative placements on the back burner and allow a case to drag on *ad infinitum*. A child could be placed in a kinship relative's house and neither DHHR nor the courts would have any incentive to finalize the case. At great expense to the State, the child would be adrift, never achieving permanency, and never knowing when, or if, they will be reunited with their parent. For the courts, the impact would be equally damaging: abuse and neglect cases would never close, and the required sixty- or ninety-day reviews of cases would repeatedly clog the dockets of the circuit courts, when this time could be used to resolve other cases equally in need of closure.

In sum, interpreting "foster care" in West Virginia Code § 49-4-605(a)(1) to exclude kinship parents is at once a logical reading of the statute that may yet yield harmful consequences for the children at the heart of the abuse and neglect system. Placing a child with their kin, such as a grandparent, aunt, or uncle, is certainly an optimal solution in the short term. But to exclude kinship placements from the meaning of "foster care" in West Virginia Code § 49-4-605(a)(1) seems to violate the goal of the abuse and neglect statutory scheme: expeditiously finding what is best for children.

Hence, there are two equally compelling interpretations to West Virginia Code § 49-4-605(a)(1), both of which are based on the Legislature's use of the undefined term "foster care." The interpretation of the statute is not some hypothetical classroom question; it has come to this Court twice in the last six months and is likely to reappear in short order. Accordingly, I ask the Legislature to act and clarify the term "foster care," and specify whether DHHR's duty to act within fifteen months in West Virginia Code § 49-4-605(a)(1) is as binding upon DHHR when it has placed the child with a kinship relative as it is when the child has been placed with non-relative.

I otherwise respectfully concur with the majority.